**PEOPLE FOR the ETHICAL TREATMENT OF ANIMALS, INC., Plaintiff–Appellant,**

v.

**Mayor Rudolph W. GIULIANI; NYC 2000; New York City Department of Parks and Recreation; Cowparade, LLC; Cowparade Holdings Corporation; Cowparade NYC 2000, Inc.; and Velocity Sports and Entertainment, LLC, Defendant–Appellees.**

No. 00–9539.

United States Court of Appeals, Second Circuit.

Sept. 5, 2001.

Gordon A. Einhorn; Lisa M. Cobb, on the brief, Schnader Harrison Segal & Lewis, Harrisburg, PA, for appellant.

Kathleen Alberton, Assistant Corporation Counsel of the City of New York; Michael D. Hess, Corporation Counsel of the City of New York; Larry A. Sonnenshein; Louise Moed, of counsel, New York, NY, Barrie L. Goldstein, Shawn Coulson, Washington Depot, CT, for appellees.

Present JOSÉ A. CABRANES, STRAUB, KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA") appeals from the District Court's grant of summary judgment on October 31, 2000 in favor of defendants. Judgment was entered the same day, and this timely appeal followed.

PETA, a non-profit animal rights organization, sought entry into a public art event known as the CowParade that was exhibited in New York City between June 15, 2000 and September 3, 2000. The CowParade was a joint public-private venture in which 500 life-size fiberglass sculptures of cows in three basic poses were artistically decorated, painted, or otherwise altered and put on display at various public and private locations throughout New York City, including sidewalks, parks, building plazas, and train stations.

PETA submitted a sponsorship form dated March 10, 2000, indicating its desire

**36**

to sponsor two cows in the exhibit and to commission its own artist. However, only one of PETA's two proposed designs was approved by the CowParade selection committee (the "Committee"). That design consisted of a cow covered almost entirely with imitation leather products, such as boots, belts, jackets, and a soccer ball, and bearing the words "Buy fake for the COW's sake." The second design, which was unanimously rejected by the Committee, divided the cow into sections resembling a butcher's chart showing cuts of meat derived from a cow. Within each section was a statement or quotation "concerning the health and ethical problems associated with the killing of cows for food." Compl. ¶ 29. Three of these statements were considered too harsh and inappropriate by the Committee for this sort of exhibition.

On May 25, 2000, PETA brought suit against the defendants, alleging violation of 42 U.S.C. § 1983 and PETA's free speech rights under the First and Fourteenth Amendments of the United States Constitution and under Article I, Section 8 of the New York State Constitution. On those claims, PETA sought declaratory and injunctive relief and damages. In a careful Opinion and Order dated July 25, 2000, the District Court denied PETA's request for a preliminary injunction, finding plaintiff not likely to succeed on the merits of its claims. *People for the Ethical Treatment of Animals v. Mayor Giuliani*, 105 F.Supp.2d 294 (S.D.N.Y.2000). The District Court held that the CowParade was a either limited or nonpublic forum and that the content-based restrictions on PETA's speech were reasonable and viewpoint neutral. *Id.* at 319. On cross-motions for summary judgment, the District Court granted summary judgment in favor of defendants on October 31, 2000, primarily relying on its earlier July 25, 2000 opinion. *People for the Ethical Treatment of Animals v. Mayor Giuliani*, No. 00–3972, 2000 WL 1639423 (S.D.N.Y. October 31, 2000).

After reviewing the grant of summary judgment *de novo*, *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999), we affirm the judgment of the District Court substantially for the reasons stated by Judge Marrero in his Opinion and Order of July 25, 2000 adopted in his October 31, 2000 Opinion.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.